UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSAURA VIEYRA,

    Plaintiff,

v.                                           Case No.:  2:25-cv-57-SPC-KCD

TRIPLE DIAMOND 777's, LLC,
VIRTUE 1, LLC, and AMIL KAJY,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiff Rosaura Vieyra brings this action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") against Defendants Triple Diamond 777's LLC, Virtue 1, LLC, and Amil Kajy, who operate an "adult arcade" or "mini casino" as a single employer and integrated enterprise. Plaintiff worked for Defendants from 2020 to January 2025. (Doc. 1).[1] Before the Court is Defendants' Motion to Dismiss. (Doc. 12). Plaintiff responded in opposition (Doc. 19), so the motion is ripe for review.

Defendants move to dismiss Plaintiff's claim on several grounds. They argue Plaintiff fails to properly allege she is "covered" under the FLSA or

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

sufficiently plead Kajy's individual liability. They also argue that they hired Plaintiff in 2023, not 2020 as Plaintiff claims, and that she was an independent contractor, not an employee. As evidence, they attach to their motion Plaintiff's 2023 and 2024 Non-Payroll 1099 Contractor Forms. (Docs. 12-1, 12-2). They also maintain that Plaintiff fails to allege sufficient factual detail for her unpaid-overtime claim and that she fails to adequately allege "willfulness" to apply the three-year statute of limitations. (Doc. 12).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

To state a claim for failure to pay overtime wages, a plaintiff must show that (1) the defendant employed her; (2) she or the defendant engaged in

interstate commerce; and (3) the defendant failed to pay her overtime wages. *See Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x. 940, 942 (11th Cir. 2012) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). Defendants attack each of these elements.

The FLSA requires an employer to pay its employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). To be eligible for FLSA overtime, an employee must demonstrate she is a "covered" employee. *Josendis*, 662 F.3d at 1298. This requires showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case. *Id.*

A plaintiff can establish FLSA coverage by showing either individual or enterprise coverage. Individual coverage exists if the employee regularly and directly participates in the actual movement of things or persons in interstate commerce. *Id.* Enterprise coverage exists if the employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. *Id.*

Defendants contend that Plaintiff failed to adequately allege "coverage" under the FLSA. The Court disagrees. She alleges Defendants were her employers who, at all material times, employed at least two employees who "handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce" and that Defendants "had gross sales volume of at least $500,000 annually." (Doc. 1 ¶¶ 10–11). This alone is sufficient. *See Thomas v. K&D Framing & Drywall Corp.*, No. 3:22-CV-522-MMH-MCR, 2024 WL 982435, at *3 (M.D. Fla. Feb. 8, 2024), *report and recommendation adopted*, 2024 WL 772245 (Feb. 26, 2024) (finding similar allegations sufficient to establish enterprise coverage); *Langellier v. Brevard Extraditions Inc*, No. 6:19-CV-1316ORL37EJK, 2019 WL 5549144, at *2 (M.D. Fla. Oct. 28, 2019) (same). She also alleges that, as part of her job duties, she served drinks and snacks and even purchased supplies from the store. (Doc. 1 ¶¶ 24, 27). This suggests the arcade provided food and drinks that moved through interstate commerce. *See Dean v. 1715 Northside Drive, Inc.*, 224 F. Supp. 3d 1302, 1317 (N.D. Ga. 2016) (finding coverage under the FLSA when the club provided adult entertainment, food, and alcoholic drinks that moved in interstate commerce). So Plaintiff has alleged enough to demonstrate coverage.

Defendants also argue Plaintiff failed to establish Kajy's individual liability. Kajy cannot be held individually liable unless he is an "employer"

under the FLSA. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). To meet this standard, he "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* (citation omitted).

Plaintiff has adequately asserted Kajy's individual liability. She alleges Kajy was the "owner" of Triple Diamond and Virtue and "regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of TRIPLE and VIRTUE." (Doc. 1 ¶¶ 12–13). Again, this is sufficient. *See Fuentes v. Edge Metals Recycling, Inc.*, No. 8:22-CV-00405-AAS, 2022 WL 1568342, at *2 (M.D. Fla. May 18, 2022) ("Courts do not require exacting details to subject an individual to liability as a statutory employer under the FLSA."); *Cabrera v. 27 of Miami Corp.*, No. 09-20170-CIV, 2009 WL 2076095, at *8 (S.D. Fla. July 13, 2009) (finding sufficient the plaintiff's allegation that the individual defendant was a "corporate officer" who "ran the day to day operations of the Corporate Defendant").

Next, Defendants seek dismissal because Plaintiff was an independent contractor. The FLSA's overtime protections extend only to "employees." 29 U.S.C. § 207. Independent contractors are not entitled to the FLSA's protections because they do not fall under the "employee" definition. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). The

5

independent-contractor exemption, however, is "outside the scope of what the Court may consider on a motion to dismiss under Rule 12(b)(6) because the Court's analysis is limited to the four corners of [plaintiff's] Complaint." *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (cleaned up). A plaintiff need not "negate the possibility of independent contractor status in order to avoid dismissal." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1382 (S.D. Fla. 2012). So Defendants' argument is premature at this stage. *See Demeter v. Little Gasparilla Island Fire & Rescue, Inc.*, No. 2:16-CV-264-FTM-38CM, 2017 WL 662006, at *3 (M.D. Fla. Feb. 17, 2017) (noting the defendant's affirmative defenses to unpaid overtime claim "are better served for summary judgment").

The 1099 forms attached to Defendants' motion to dismiss do not change the analysis. While relevant, a 1099 tax form does not inherently disqualify Plaintiff as an "employee" under the Act. *See Scantland*, 721 F.3d at 1311 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947)) (explaining the independent contractor analysis "is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship, but rather focuses on whether 'the work done, in its essence, follows the usual path of an employee.'"). Plus, it is doubtful the Court can consider the 1099 forms at this stage given they are central to Defendants' affirmative defense, not

6

Plaintiff's claim.  *See SOS Furniture Co. v. Salem*, No. 6:18-CV-898-ORL-37-KRS, 2019 WL 279887, at *4 (M.D. Fla. Jan. 22, 2019) (noting the distinction "between a document central to a plaintiff's claim and a document central to a defendant's affirmative defense").  So this argument falls short.

Defendants also maintain that Plaintiff failed to sufficiently allege their failure to pay her overtime wages.  They argue that "the Complaint lacks any specific allegation regarding the frequency of Plaintiff's alleged overtime work, the amount of alleged unpaid hours, the method by which Plaintiff's time was recorded, the method by which Plaintiff was compensated, or the approximate value of the overtime compensation Plaintiff alleges is due." (Doc. 12 at 16).  Again, the Court disagrees.

"The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).  When pleading an unpaid overtime claim, "there is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages." *Topol v. Artech Info. Sys., LLC*, No. 615CV1526ORL40KRS, 2016 WL 3763216, at *2 (M.D. Fla. June 24, 2016), *report and recommendation adopted*, 2016 WL 3753486 (July 13, 2016).  Indeed, "district courts in the Eleventh Circuit have consistently denied motions to dismiss FLSA overtime claims where defendants argue the complaint requires more factual detail than simply the

7

plaintiff worked unpaid overtime." *McLaughlin v. Select Rehab., LLC*, No. 3:22-CV-59-HES-JBT, 2022 WL 19561398, at *3 (M.D. Fla. Aug. 2, 2022) (collecting cases). Such is the case here.

Plaintiff alleges that she worked more than 40 hours per week in one or more weeks during her employment (from 2020 to January 2025), but Defendants failed to pay her the overtime rate. (Doc. 1 ¶¶ 3, 31–33). This is sufficient. *See Topol*, 2016 WL 3763216, at *2 (finding sufficient the plaintiff's allegation that "during some weeks he worked more than forty hours, and that he was not paid the overtime rate for all of these hours"); *Reed v. Little Italy Pizzeria*, No. 2:18-CV-196-RWS-JCF, 2019 WL 13411976, at *6 (N.D. Ga. May 15, 2019), *report and recommendation adopted*, 2019 WL 13411975 (June 11, 2019) (finding allegation that plaintiff "often worked more than 40 hours per week" from October 2014 to December 2016 but was not paid overtime for those hours was enough to state an unpaid overtime claim). Requiring anything further "would essentially require [Plaintiff] to prove [her] claim at the pleading stage." *McLaughlin*, 2022 WL 19561398, at *3. Thus, Plaintiff states a valid claim for unpaid overtime under the FLSA.

Finally, the statute-of-limitations issue. The FLSA provides a two-year statute of limitations generally and a three-year limitation for claims based on willful violations. 29 U.S.C. § 255(a). An employer willfully violates the FLSA when "the employer either knew or showed reckless disregard for the matter

of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Defendants contend Plaintiff has not adequately alleged their willful violation of the Act, so the two-year limitation applies. The Court agrees Plaintiff's pleading on this score is deficient.

Plaintiff's allegations of willfulness are conclusory. She simply alleges that Defendants "acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice." (Doc. 1 ¶ 34). This will not suffice. "The only reference to any allegedly willful violations of the FLSA by Defendants is a conclusory allegation of willfulness in the Complaint absent any facts to substantiate the same." *Cohen v. Allied Steel Bldgs., Inc.*, 554 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008). Plaintiff must amend to include facts supporting her willfulness allegation.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 12) is **GRANTED in part and DENIED in part**.

2. By **April 23, 2025**, Plaintiff must file an amended complaint with sufficient facts to plausibly allege Defendants willfully violated the FLSA. Failure to do so may result in dismissal of this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on April 9, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record